SMITH *v.* KROGER GROCERY & BAKING CO.

LANDLORD AND TENANT—RENEWAL OF LEASE—OPTION.

> Exercise of option of renewal in one-year lease of real estate one month before its expiration ''for a further term of four years * * * upon same conditions except rental to be $75 per month and a further term of five years at a rental of $85 per month'' bound lessee for an additional term of four years only.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 25, 1934. (Docket No. 124, Calendar No. 37,065.) Decided June 4, 1934.

Assumpsit by Frank B. Smith against Kroger Grocery & Baking Company, an Ohio corporation, for sums allegedly due under a lease. Judgment for defendant. Plaintiff appeals. Affirmed.

*Bernard J. Onen* and *John A. Gordon,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendant.

BUTZEL, J. On February 26, 1927, Della S. Smith, the owner of premises in Battle Creek, Michigan, was sojourning in Florida. Through a real estate agent acting for her she negotiated a lease with the Kroger Grocery & Baking Company, an Ohio corporation. The Central National Bank of Battle Creek also acted as Mrs. Smith's agent, the business being transacted through the cashier of the bank. The lease contained the provision that the rent checks were to be sent to Mrs. Smith at the Central National Bank, Battle Creek, Michigan. The real

estate agent and the bank wired the original proposition to Mrs. Smith, who accepted it and directed that they draw a lease in accordance with the terms proposed. The bank continued to act as agent for Mrs. Smith, though to what extent the record does not show. The lease was on a printed form with interlineations, and provided for the rental of the premises—

"For the term of one year; commencing March 7, 1927, at a rental of $65 per month, payable in advance. And at the option of the lessee, for a further term of four years, commencing March 7, 1928, and ending March 6, 1932, upon same conditions except rental to be $75 per month and a further term of five years at a rental of $85 per month."

One month prior to the expiration of the initial one-year term, the defendant company mailed a letter to Mrs. Smith, c/o Central National Bank, Battle Creek, Michigan, stating that it had decided to exercise the renewal privilege contained in the lease, and notifying her that it would retain possession of the premises for the further term of four years commencing March 7, 1928, and ending March 6, 1932, at the agreed rental of $75 per month, payable in advance. The letter was registered and the return receipt requested was signed by Della S. Smith, Central National Bank of Battle Creek, Battle Creek, Mich., P. J. Ross, cashier.

The sole question in the case is whether defendant is bound, by the above act, for an additional term of five years at $85 per month, beginning at the expiration of the four-year renewal term. Many rules of law are invoked as to the construction of the lease. Plaintiff claims that if the terms of a lease are ambiguous, the lease should be construed most

strictly against the party who drafted it, and that defendant is responsible for the terminology in the instant case. On the other hand, defendant claims that the terms of the lease are to be construed most strongly against the lessor. Defendant further contends that the practical construction put upon the lease by the parties was such as to show that they believed it to contain two options, one for an additional term of four years, and another for a subsequent term of five years. Frank B. Smith, who upon the death of Della S. Smith and through *mesne* conveyances, became the owner of the property and the lease, brought the present proceedings on the theory that defendant, by its action, became bound for a renewal term of nine years; that the lease contained only one option which, when exercised, bound defendant to a nine-year obligation, divided into a term of four years at $75 per month, and an additional term of five years at $85 per month.

The trial judge stated that it was unnecessary to refer to the various rules of construction applied where the terms of a lease are ambiguous, inasmuch as the terms of the present lease, when fairly read, contained no ambiguity, but meant that there were two distinct options, one for a renewal term of four years, and another for a subsequent additional term of five years; that if the parties had intended otherwise, they would have stated that the renewal term was for nine years, during the first four of which the rental should be at the rate of $75 per month, while the last five years should be at the rate of $85 per month. We believe the circuit judge was correct, for a fair reading of the lease forces us to the same conclusion. On a suit brought for rent claimed to have become due subsequent to the termination of the four-year renewal term, for a period during

which defendant no longer occupied the premises, the trial judge entered a judgment of no cause of action.

Judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.